IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| DOUGLAS G. BRUCE and<br>OSMUNDSON MFG. CO.,<br><br>Plaintiffs,<br><br>v.<br><br>WEARPARTS TILLAGE TOOLS, LLC<br><br>Defendant. | CASE NO. _____<br><br>COMPLAINT FOR PATENT<br>INFRINGEMENT AND<br>JURY DEMAND |

## COMPLAINT

COMES NOW, the Plaintiffs, Douglas G. Bruce and Osmundson Mfg. Co. (hereinafter "Osmundson"), by their counsel, and for their cause of action against Defendant, Wearparts Tillage Tools, LLC (hereinafter "Wearparts") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Douglas G. Bruce is an Iowa resident with his principal residence located in West Des Moines, Iowa.

2. Plaintiff Osmundson Mfg. Co. is an Iowa corporation with its principal place of business in Perry, Iowa.

3. On information and belief, Wearparts Tillage Tools, LLC is a limited liability company organized and existing under the laws of the State of Nebraska with its principal place of business in the city of Gothenburg, Dawson County, Nebraska.

4. This action for patent infringement arises out of the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant is subject to personal jurisdiction in the Southern District of Iowa (the "District"), consistent with the principles of due process, as Defendant has regularly engaged in business in this State and District and has purposefully availed itself of the privilege of conducting business in this District. Defendant has purposefully directed their activities at residents of this State and District. Therefore, this Court's assertion of personal jurisdiction over Defendant is reasonable and fair.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b). Defendant has infringed and continues to infringe Patent No. 5,649,602 within this District and Division and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

## FACTUAL BACKGROUND

7.      On July 22, 1997, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,649,602, entitled "WAVY COULTER" (hereinafter the "'602 Patent"). A true and correct copy of the '602 Patent is attached hereto as Exhibit "A" and is incorporated by reference. Since its issuance, the '602 Patent has been in full force and effect.

8.      Plaintiff Douglas G. Bruce is the inventor and owner of the '602 Patent with full rights in and to the claims and causes of action involved therein.

9.      Plaintiff Douglas G. Bruce has licensed the '602 Patent to Osmundson Mfg. Co. with full rights in and to the claims and causes of action involved therein.

10. Plaintiff Douglas G. Bruce first learned of Defendant's infringement of the '602 Patent in late March of 2013, including photographs of the infringing coulters believed to have been taken in Defendants' place of business in Gothenburg, Nebraska.

11. Plaintiffs have also observed Defendant's marketing of infringing coulters by viewing e-mail correspondence between Defendant's employee or owner Charlie Franzen. Charlie Franzen was trying to sell the infringing wavy discs to a potential customer in Wisconsin and told that potential customer in an e-mail about the sale of infringing "turbo blades" to a customer in Pennsylvania that "buys around 44,000 #'s of turbo blades a year. So far, he is pleased with the feedback that he's gotten from his customers."

12. Plaintiff, Osmundson Mfg. Co. sent a cease and desist letter to Defendant on or about April 2, 2013 by e-mail and by US Postal Service and despite that demand, Defendant has refused to stop infringing the '602 Patent. To the contrary, they have continued marketing, and selling the infringing coulters.

## DIRECT PATENT INFRINGEMENT

13. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if set out herein in their entirety.

14. Upon information and belief, Defendant is directly infringing and threatening to infringe the '602 Patent under 35 U.S.C. 271(a) by offering for sale and/or selling certain coulters in the United States, including coulters marketed with the name WEARPARTS USA and Defendant's logo stamped on the infringing blades.

15. Defendant's activities have been without express or implied license from Plaintiffs.

16. Unless enjoined by this Court, Defendant will continue their willful infringement of the '602 Patent. As a result of Defendant's infringement of the '602

Patent, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

17. Defendant has profited through infringement of the '602 Patent. As a result of the infringement of the '602 Patent, Plaintiffs have been damaged, will be further damaged, and are entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

18. Upon information and belief, Defendant's infringement of the '602 Patent is willful and deliberate, entitling Plaintiffs to enhanced damages and reasonable attorney fees and costs.

## CONTRIBUTORY PATENT INFRINGEMENT

19. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if set out herein in their entirety.

20. Upon information and belief, Defendant is infringing and threatening to infringe the '602 Patent under 35 U.S.C. 271(c) by offering for sale and/or the sale of certain coulters in the United States, including coulters marketed with the name WEARPARTS USA and Defendant's logo stamped on the infringing blades, constituting a material part of the invention claimed in certain claims of the '602 patent, knowing the same to be especially made or especially adapted for use in an infringement of such '602 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, and is therefore liable as a contributory infringer.

## INDUCING PATENT INFRINGEMENT

21. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if set out herein in their entirety.

22. Upon information and belief, Defendant is infringing and threatening to infringe the '602 Patent under 35 U.S.C. 271(c) by offering for sale and/or the sale of certain coulters in the United States by actively inducing others to infringe certain claims of the '602 patent and is therefore liable as an inducing infringer with knowledge that the induced acts constitute patent infringement.

## WILLFUL INFRINGEMENT

23. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if set out herein in their entirety.

24. Upon information and belief, Defendants have had and currently do have one or more of Plaintiff Osmundson Mfg. Co.'s wavy coulters prominently stamped with "US PAT 5649602" on it along with Plaintiff's trademark "TURBO®" among other things stamped on Plaintiff's product covered by the '602 patent.

25. Defendant has constructive notice of Plaintiff's '602 patent due to Plaintiffs' marking the patent number on their own products covered by the '602 patent under 35 U.S.C. § 287 in addition to actual notice from other sources such as the cease and desist letter sent to Defendant by Plaintiffs on April 2, 2013 by e-mail and by USPS Certified Mail and Defendant continues to infringe the '602 patent.

26. Upon information and belief, the acts of infringement by Defendant have been willful and deliberate and Defendant has made unlawful gains and profits from said infringement.

27. Because Defendant's past and continuing infringement of the '602 Patent has been deliberate and willful, its conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284. This is also an exceptional case justifying an award of attorney fees to Plaintiffs pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray for judgment against Defendant for the following:

a. That this Court enter judgment that Defendant has infringed the '602 Patent;

b. That this Court enter a preliminary and a permanent injunction restraining Defendant from infringing the '602 Patent;

c. That this Court order Defendant to pay all damages sustained by Plaintiffs resulting from said Defendant's infringement of the '602 Patent;

d. That this Court order an accounting with respect to sales by Defendant of infringing products;

e. That this Court order that all of Defendant's infringing products be destroyed or given to Plaintiffs for destruction;

f. That this Court order Defendant to pay increased damages up to three times pursuant to 28 U.S.C. § 284 in view of their willful and deliberate infringement of the '602 Patent;

g. That this Court find in favor of Plaintiffs that this is an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their costs, including reasonable attorney fees and other expenses incurred in connection with this action;

h. That this Court order Defendant to pay to Plaintiffs pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

i. That this Court grant Plaintiffs such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand trial by jury of the issues herein.

Respectfully Submitted,

/s/ Bryan S. Witherwax

Bryan S. Witherwax
Tyler J. Johnston
WITHERWAX LAW, P.C.
5525 Mills Civic Parkway, Suite 120
West Des Moines, Iowa 50266
Telephone: (515) 224-5377
Fax: (515) 224-8996
Email: bwitherwax@witherwaxlaw.com
Email: tjohnston@witherwaxlaw.com
ATTORNEYS FOR PETITIONERS

Original filed.